Ex Parte Manuel Reyes Rivera, Petitioner and Appellant; María Rodríguez, Oppositor and Appellee.

No. 9658. Argued May 6, 1948.—Decided May 27, 1948.

*Diego O. Marrero* for appellant. *L. Santiago Carmona* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

In the initial petition filed, in the District Court of Bayamón, by Manuel Reyes Rivera in a dominion title proceeding, it is alleged, in brief, that the petitioner is the owner of a parcel of land containing 2.275 acres (*cuerdas*) which he acquired by a public deed on April 12, 1946, he being in possession thereof ever since, and that he and its former owners have possessed it for more than 20 years, quietly, publicly, peaceably, and uninterruptedly under claim of ownership. Against said petition María G. Rodríguez filed a written opposition in which she maintains that the petitioner has never been the owner of the parcel whose ownership he seeks to record and that ever since 1935 she has possessed it as owner, the petitioner being a disturber of such possession.

The proceeding instituted by the petitioner having thus become a contested one,[1] when he started to introduce his evidence, at the instance of the court, he admitted, through his attorney, that there was another suit between the parties —an injunction proceeding to recover possession of the property involved in the dominion title proceeding—and that an appeal taken by petitioner from the judgment rendered in that suit in favor of the contestant herein was pending in this Court. The trial judge forthwith stated that if that was the situation, the petition in the dominion title proceeding could not be heard and he denied *ipso facto* the petition and rendered judgment accordingly.

---

[1] See *Rodríguez v. Registrar*, 65 P.R.R. 614, 617.

The petitioner has appealed from that judgment, and in support of his appeal he assigns eight errors, which may be summarized as follows: That the District Court of Bayamón erred in setting up *motu proprio* and holding that the complaint in the injunction proceeding filed by the contestant María G. Rodríguez, in connection with the property involved in the dominion title proceeding, had interrupted the possession under claim of ownership of the property in question which the petitioner Manuel Reyes Rivera and his predecessors in interest may have held, and that, therefore, one of the essential requisites for successfully prosecuting the proceeding instituted by the petitioner was lacking.

■■ The lower court erred in acting as it did. At the beginning of the trial, while one of the witnesses for the petitioner was testifying, the court *sua sponte* raised the question relating to the injunction and the resulting interruption, in its opinion, of the period of possession by the petitioner and his predecessors in interest required to establish the ownership. The correct procedure, of course, would have been to permit the petitioner to introduce all the documentary and oral evidence which he had, and not to abruptly interrupt the trial without giving him an opportunity to prove his allegations.

For the acquisition of ownership the law fixes as indispensable certain requisites and a certain prescriptive period. It also provides that the possession should have been uninterrupted. However, after the prescriptive period specified by it for such acquisition fully elapses, there immediately arises a materialization or consolidation of the ownership in the person who, together with the former owners, has possessed the property for the required period. Any interruption subsequent to the expiration of the prescriptive period fixed by the statute can not prejudice in any way the ownership thus acquired by the possessor. In *Bermúdez v. Morales,* 42 P.R.R. 411, a situation similar to the one involved herein arose, and, to quote from the syllabus, we said:

"Where in a dominion title proceeding the person opposing the same alleges the interruption of the continuity of possession of the petitioner by virtue of a suit brought by such person, if at the time said suit was commenced petitioner's ancestor had already acquired title by extraordinary prescription, such suit can not affect the ownership so acquired nor be taken into consideration for the purpose of interrupting the acquisitive prescription accruing in favor of the petitioner."

Regarding this particular, in the judgment of the Supreme Court of Spain of March 18, 1902, 10 *Jurisprudencia del Código Civil*, p. 446, the following is said at p. 450:

"Prescription can only be considered as interrupted by those acts provided by law and executed during the period fixed for said prescription to arise; . . ."

 The foregoing would be sufficient to reverse the judgment appealed from. However, we think it opportune to add that, according to the construction which we have given to § 1846 of the Civil Code, 1930 ed., the mere bringing of an action against the claimant of the ownership is not sufficient to consider his possession and that of his predecessors in interest as interrupted. The law and the decisions require something more, namely, the prosecution by the plaintiff of his action to a successful determination. *Annoni v. Heirs of Nadal*, 59 P.R.R. 638, 644 and *Calderón v. Sociedad de Auxilio Mutuo*, 42 P.R.R. 400, 406.

The record in this case merely shows that the contestant brought a suit for injunction to recover possession against the petitioner herein in the District Court of Bayamón; that judgment was rendered in her favor and that the defendant in said suit, petitioner herein, appealed from said judgment to this Court. At the time the district court rendered judgment, the above-mentioned injunction case was pending before us and, therefore, a definitive or unappealable judgment which would entitle the plaintiff in said case to maintain that she had prosecuted her action to a successful determination, had not been rendered therein.

794

Because the petitioner in the dominion title proceeding might be able to show that his possession as owner, tacked to that of his predecessors in interest, had surpassed the prescriptive period provided by law prior to the filing of the injunction suit, and also because the said suit had not yet reached its final stage when the judgment of the lower court was rendered in the present case, said judgment is clearly untenable.

The judgment appealed from should be reversed and the case remanded to the lower court for further proceedings not inconsistent with this opinion.

Mr. Justice De Jesús did not participate herein.